IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | | |
|---|---|---|
| JEFF ZOUCHA, Individually and<br>Special Administrator of the Estate of<br>ALEX J. ZOUCHA<br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>CITY OF BELLEVUE, a municipal<br>corporation and political subdivision<br>in Sarpy County, Nebraska, ALLISON<br>EVANS, HOLLY MCQUAID,<br>ASHLEY MEYERS, and ANTHONY<br>ORSI,<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No.: 18-364<br><br>AMENDED<br>COMPLAINT (LAW) |

Plaintiff for his claims for relief against the Defendants alleges and states:

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

1.      Plaintiff, Jeff Zoucha, is a resident of Sarpy County, Nebraska.  Alex J. Zoucha was a resident of Sarpy County, Nebraska when he died.  The City of Bellevue is a municipal corporation and political subdivision in Sarpy County, Nebraska.  Plaintiff, alleges, on information and belief that Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi were residents of Nebraska when Alex J. Zoucha died.  Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi were acting within the scope of their employment during the events described in this complaint. The events described in this Complaint and the death of Alex J. Zoucha occurred in Bellevue in Sarpy County, Nebraska.

2.      Jeff Zoucha is the father of Alex J. Zoucha and the duly appointed Special Administrator of the Estate of Alex J. Zoucha.

# EXHIBIT 2

3.      On February 24, 2016 at about 9:30 p.m., Bellevue police officers Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi went to a home at 612 W. 22nd Ave. in Bellevue, Nebraska and confronted Alex J. Zoucha because of his behavior.   The police officers used a conducted electrical weapon (commonly known as a Taser) on Alex J. Zoucha. After using the weapon, Alex J. Zoucha collapsed and became unresponsive. Shortly thereafter he died.

4.      Alex J. Zoucha died as a direct and proximate result of the negligence of the City of Bellevue and its police officers, Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi.

5.      Officers Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi (collectively "the individual Defendants") were negligent in that among other things they:
   a. Needlessly failed to follow City of Bellevue standard operating procedures or policies for recognizing when a person is a danger to himself or others;
   b. Needlessly failed to recognize that Alex J. Zoucha was not a danger to others or to himself and that at most application of minimal force was appropriate;
   c. Needlessly failed to follow City of Bellevue standard operating procedures or policies for ascertaining the condition of a person before using a conducted electrical weapon;
   d. Needlessly failed to adequately ascertain the condition of Alex J. Zoucha before using a conducted electrical weapon on him;
   e. Needlessly failed to follow City of Bellevue standard operating procedures for the application of force.
   f. Needlessly used excessive force against Alex J. Zoucha when such force was not necessary based on his condition and the existing circumstances;
   g. Needlessly failed to follow City of Bellevue standard operating procedures for providing medical assistance to someone who has collapsed; and
   h. Needlessly failed to provide appropriate assistance to Alex J. Zoucha after he collapsed.

The negligence of these police officers is imputed to the City of Bellevue under the doctrine of *respondeat superior*.

6.      The City of Bellevue was negligent in:

a. Needlessly failing to adequately train its police officers to recognize the causes of erratic behavior such as mental health, substance abuse issues, and excited delirium;

b. Needlessly failing to have adequate standard operating procedures to guide police officers in recognizing the causes of erratic behavior such as mental health, substance abuse issues, and excited delirium;

c. Needlessly failing to adequately train its police officers on the circumstances under which a person who is behaving erratically is likely to be a danger to other people;

d. Needlessly failing to have adequate standard operating procedures to guide police officers in determining the circumstances under which a person who is behaving erratically is likely to be a danger to other people;

e. Needlessly failing to adequately train its police officers on when use of a conductive electrical weapon is appropriate;

f. Needlessly having a policy or practice that allowed individual police officers without sufficient training, expertise, and knowledge of the dangers of a Taser to use Tasers on citizens such as Alex J. Zoucha;

g. Needlessly having a policy or practice of allowing police officers to use a Taser when effective, but less harmful, methods of control were available;

h. Needlessly failing to have adequate standard operating procedures to guide police officers in determining when use of a conductive electrical weapon is appropriate;

i. Needlessly failing to adequately train its police officers on providing assistance to persons suffering medical problems after being tased;

j. Needlessly failing to have adequate standard operating procedures to guide police officers in providing assistance to persons suffering medical problems after being tased;

k. Needlessly failing to adequately train its police officers to provide medical assistance to persons suffering from excited delirium;

l. Needlessly failing to have adequate standard operating procedures to guide police officers in providing medical assistance to persons suffering from excited delirium; and

m. Needlessly having in place a policy and practice of allowing the use of a Taser gun  on persons such as Alex J. Zoucha, even when it was not necessary to use a Taser to control the persons.

3

7.     On February 21, 2017, Plaintiff filed a notice of Tort Claim with the City of Bellevue. Plaintiff fully complied with the requirements of Neb. Rev. Stat. §13-905.

8.     The City of Bellevue failed to make final disposition of Plaintiff's notice of tort claim. On August 30, 2017, Plaintiff withdrew the Notice of Tort Claim. Plaintiff has fully complied with the requirements of Neb. Rev. Stat. §13-906.

9.     Plaintiff alleges, on information an belief, that Defendant City of Bellevue purchased insurance that covered it and the individual Defendants for the type of incident described in this Complaint.  Plaintiff further alleges, on information and belief, that the coverage purchased included coverage for those claims excepted by Neb. Rev. Stat. §13-910 from the Nebraska Political Subdivisions Tort Claim.  As such, the purchase of this insurance constitutes a waiver of sovereign immunity as to all exceptions included in Neb. Rev. Stat. §13-910.

## FIRST CLAIM FOR RELIEF AGAINST INDIVIDUAL DEFENDANTS: DEPRIVATION OF CIVIL RIGHTS

10.     This claim is a civil rights action brought under the Civil Rights Act of 1871, *as amended*, codified as 42 U.SC. §1983. This claim is based on the individual Defendants' violation of the constitutional rights of Alex J. Zoucha in violation of 42 U.S.C §1983.

11.     Defendants Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi were law enforcement officers for Defendant City of Bellevue who were acting under color of state law and in the course and scope of their employment as law enforcement officers for the City of Bellevue at all material times.

12.     The individual Defendants' actions caused the death of Alex J. Zoucha and caused him conscious pain and suffering before he died.

13.     The use of a Taser was not justified and constituted excessive force and cruel and unusual punishment. Alex J. Zoucha had the rights to:

4

- Be secure in his own person from unreasonable seizure through excessive force;
- Life and liberty;
- Be free from cruel and unusual punishment; and
- Due process.

The individual Defendants' actions deprived Alex J. Zoucha of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States.

14.     The individual Defendants' use of force was malicious or reckless, callous and deliberately indifferent to Alex J. Zoucha's federally protected rights. The force used caused serious bodily injury and ultimately the death of Alex J. Zoucha. The force used by the individual Defendants shocks the conscience and violated Alex J. Zoucha's Fourteenth Amendment rights.

15.     The individual Defendants proximately caused damages to Alex J. Zoucha including medical and hospital bills of approximately $5000.00 and conscious pain and suffering before he died.

16.     The individual Defendants proximately caused damages to the next of kin of Alex J. Zoucha. Alex J. Zoucha left surviving him the following next of kin:

- Marcella Zoucha (wife);
- Calliah Zoucha (daughter);
- Astreya Zoucha (daughter); and
- Xara Zoucha (daughter).

As a result of the death of Alex J. Zoucha, his next of kin have suffered pecuniary loss due to the loss of his society, care, comfort, companionship, and services. Alex J. Zoucha was 31 years old when he died.

17.     Marcella Zoucha was married to Alex J. Zoucha when he died. As a result of his death, she has lost the society, care, comfort, companionship, and services that he otherwise would still be providing to her. For administrative efficiency, she assigned this claim to Plaintiff, Jeff Zoucha.

18.     Marcella Zoucha and the Estate of Alex J. Zoucha incurred funeral and burial expenses of approximately $14,000.00 as a result of the death of Alex J.

Zoucha. For administrative efficiency, Marcella Zoucha has assigned her claim to Plaintiff, Jeff Zoucha.

ON HIS FIRST CLAIM FOR RELIEF, Jeff Zoucha, Special Administrator of the Estate of Alex J. Zoucha prays for a judgment against the individual Defendants for special damages in the amount of:
      a.    $5,000.00 for the reasonable expense of the necessary medical care for Alex J. Zoucha; and
      b.    $14,000.00 for funeral and burial expenses.

He prays for a judgment against the individual Defendants for general damages in an amount that will fairly and adequately, but not excessively compensate the Estate of Alex J. Zoucha for:
      a.    The nature and extent of the injury that Alex J. Zoucha suffered before his death;
      b.    The disability experienced by Alex J. Zoucha before his death;
      c.    The conscious pain and suffering, mental and physical, experienced by Alex J. Zoucha before his death.

He prays for a judgment against the individual Defendants for general damages in an amount that will fairly and adequately, but not excessively compensate the next of kin for the loss of the society, care, comfort, companionship, and services that Alex J. Zoucha provided to them.

He prays for a judgment against the individual Defendants for general damages in an amount that will fairly and adequately, but not excessively compensate Marcella Zoucha for the loss of the society, care, comfort, companionship, and services that Alex J. Zoucha provided to her.

He prays for costs, attorneys' fees pursuant to 42 U.S.C. §1988, and punitive damages to the extent authorized by law and such other relief as the court deems just and proper.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFEDANTS:
## CONSCIOUS PAIN AND SUFFERING
## AND MEDICAL AND HOSPITAL BILLS

19.     Alex J. Zoucha suffered conscious pain and suffering before he died as a direct result of the negligence of the City of Bellevue and Officers Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi.

20.     Before he died, Alex J. Zoucha incurred medical and hospital bills of approximately $5,000.00 as a direct result of the negligence of the City of Bellevue and Officers Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi.

ON HIS SECOND CLAIM FOR RELIEF, Jeff Zoucha, Special Administrator of the Estate of Alex J. Zoucha prays for a judgment against all Defendants for special damages in the amount of $5,000.00 for the reasonable expense of the necessary medical care for Alex J. Zoucha. Plaintiff prays for a judgment against all Defendants for his general damages in an amount that will fairly and adequately, but not excessively compensate the Estate of Alex J. Zoucha for:

      a.     The nature and extent of the injury that Alex J. Zoucha suffered before his death;
      b.     The disability experienced by Alex J. Zoucha before his death; and
      c.     The conscious pain and suffering, mental and physical, experienced by Alex J. Zoucha before his death.

Plaintiff prays for his costs herein expended and such other relief as the court deems just and proper.

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFEDANTS:
## WRONGFUL DEATH CLAIM

21.     Alex J. Zoucha left surviving him the following next of kin:
- Marcella Zoucha (wife);
- Calliah Zoucha (daughter);
- Astreya Zoucha (daughter); and
- Xara Zoucha (daughter).

7

22.    As a result of the death of Alex J. Zoucha, his next of kin have suffered pecuniary loss due to the loss of his society, care, comfort, companionship, and services.  Alex J. Zoucha was 31 years old when he died.

ON HIS THIRD CLAIM FOR RELIEF, Jeff Zoucha, Special Administrator of the Estate of Alex J. Zoucha, prays for a judgment against all Defendants in an amount that will fairly and adequately, but not excessively compensate the next of kin for the loss of the society, care, comfort, companionship, and services that Alex J. Zoucha provided to them. Plaintiff prays for his costs herein expended and such other relief as the court deems just and proper.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFEDANTS: LOSS OF CONSORTIUM CLAIM OF MARCELLA ZOUCHA

23.    Marcella Zoucha was married to Alex J. Zoucha when he died.  As a result of his death, she has lost the society, care, comfort, companionship, and services that he otherwise would still be providing to her.  She assigned this claim to Plaintiff, Jeff Zoucha.

ON HIS FORUTH CLAIM FOR RELIEF, Jeff Zoucha, prays for a judgment against all Defendants in an amount that will fairly and adequately, but not excessively compensate Marcella Zoucha for the loss of the society, care, comfort, companionship, and services that Alex J. Zoucha provided to her. Plaintiff prays for his costs herein expended and such other relief as the court deems just and proper.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFEDANTS: FUNERAL AND BURIAL EXPENSES

24.    Marcella Zoucha and the Estate of Alex J. Zoucha incurred funeral and burial expenses of approximately $14,000.00 as a result of the death of Alex J. Zoucha. Marcella Zoucha has assigned her claim to Plaintiff, Jeff Zoucha.

ON HIS FIFTH CLAIM FOR RELIEF, Jeff Zoucha, Special Administrator of the Estate of Alex J. Zoucha, prays for a judgment against all Defendants in the amount of $14,000.00 for funeral and burial expenses. Plaintiff prays for his costs herein expended and such other relief as the court deems just and proper.

 

 

JEFF ZOUCHA, Individually and as Special Administrator of the Estate of ALEX J. ZOUCHA,
Plaintiff

By _____
Stephen L. Gerdes #15392
Law Office of Steve Gerdes
11920 Burt St. Suite 145
Omaha, NE 68154-1574
(402) 393-1435
slgerdes@fastmail.fm