# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFF ZOUCHA, Individually and Special Administrator of the Estate of ALEX J. ZOUCHA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BELLEVUE, a municipal corporation and political subdivision in Sarpy County, Nebraska, ALLISON EVANS, HOLLY MCQUAID, ASHLEY MEYERS, AND ANTHONY ORSI,<br><br>Defendants. | Case No. 8:18-cv-00195 |

## CITY OF BELLEVUE'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Prepared and Submitted By:

Ryan M. Kunhart, #24692
Gretchen L. McGill, #21726
Dvorak Law Group, LLC
13625 California Street, Suite 110
Omaha, NE  68154
rkunhart@ddlawgroup.com
gmcgill@ddlawgroup.com
Telephone: 402-934-4770
Attorneys for Defendants

**INTRODUCTION**

Jeff Zoucha ("Jeff"), individually and as special administrator of the Estate of Alex J. Zoucha, sued the City of Bellevue ("Bellevue"), and Bellevue police officers Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi (collectively the "Bellevue Officers") alleging five "claims for relief" based on the alleged negligence of Bellevue and the Bellevue Officers. As plead, the claims for relief are:

(1) Deprivation of Civil Rights under 42 U.S.C. §1983 against the Bellevue Officers in their official capacities (the "Federal Claim");

(2) Conscious Pain and Suffering and Medical and Hospital Bills against the Bellevue Officers in their official capacities and Bellevue;

(3) Wrongful Death Claim against the Bellevue Officers in their official capacities and Bellevue;

(4) Loss of Consortium Claim of Marcella Zoucha against the Bellevue Officers in their official capacities and Bellevue; and

(5) Funeral and Burial Expenses against the Bellevue Officers in their official capacities and Bellevue.

The Federal Claim is only plead against the Bellevue Officers in their official capacities. Therefore, the Federal Claim is essentially a suit against Bellevue. Since Jeff has failed to plead the Federal Claim against Bellevue, it must be dismissed.

The final four claims for relief are negligence claims (collectively the "Negligence Claims") which must be brought pursuant to the Nebraska Political Subdivisions Tort Claims Act ("PSTCA").[1] The PSTCA retains sovereign immunity preventing suits

---

[1] Claims against police officers acting within the scope of their employment must be brought under the PSTCA. Britton v. City of Crawford, 282 Neb. 374, 381, 803 N.W.2d 508, 514 (2011).

2

against a municipality or its employees for actions arising out of assault or battery. Regardless of the words and labels used in the Amended Complaint, Jeff is alleging Alex's death was caused by an assault or battery through the use of a Taser. Therefore, Jeff's Negligence Claims are barred under the PSTCA and the Amended Complaint must be dismissed.

## FACTS AS PLEAD IN THE AMENDED COMPLAINT

Bellevue is a municipal corporation and political subdivision in Sarpy County, Nebraska. (Doc. No. 1-2 ("Amended Complaint") ¶1). The Bellevue Officers were acting under the color of state law and within the scope of their employment during the events described in the Amended Complaint. (Amended Complaint ¶1, ¶11). On February 24, 2016 at about 9:30 p.m. the Bellevue Officers went to a home at 612 W. 22nd Ave. in Bellevue, Nebraska and confronted Alex J. Zoucha ("Alex") because of his behavior. (Amended Complaint ¶ 3). The Bellevue Officers used a conducted electrical weapon (commonly known as a Taser) on Alex J. Zoucha. (Amended Complaint ¶3). After using the weapon, Alex collapsed and became unresponsive. (Amended Complaint ¶3). Shortly thereafter he died. (Amended Complaint ¶3). Alex suffered conscious pain and suffering before he died as a direct result of the negligence of Bellevue and the Bellevue Officers. (Amended Complaint ¶19).

Alex died as a direct and proximate result of the negligence of Bellevue and the Bellevue Officers. (Amended Complaint ¶4). The Bellevue Officers were negligent and the negligence of the Bellevue Officers is imputed to Bellevue.[2] (Amended Complaint ¶5). Bellevue was also negligent in, among other things, needlessly failing to

---

[2] Paragraph 5 of the Amended Complaint contains eight specific allegations of negligence against the Bellevue Officers.

adequately train its police officers and needlessly failing to have adequate standard operating procedures. (Amended Complaint ¶6).[3]

On February 21, 2017, Jeff filed a notice of Tort Claim with Bellevue. (Amended Complaint ¶7). Jeff fully complied with the requirements of Neb. Rev. Stat. §13-905 [of the PSTCA]. (Amended Complaint ¶7). Bellevue failed to make final disposition of Jeff's notice of tort claim. (Amended Complaint ¶8). On August 30, 2017, Jeff withdrew the Notice of Tort Claim. (Amended Complaint ¶8). Jeff has fully complied with the requirements of Neb. Rev. Stat. §13-906 [of the PSTCA]. (Amended Complaint ¶8).

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing', rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 547. In other words, the complaint must plead "enough facts to

---
[3] Paragraph 6 of the Amended Complaint contains ten specific allegations of negligence against Bellevue.

4

state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). The plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully. Id.

"Thus, the court must find 'enough factual matter (taken as true) to suggest' that 'discovery will reveal evidence' of the elements of the claim." Frenchman Cambridge Irrigation Dist. v. Heineman, 974 F.Supp. 2d 1264, 1274 (D. Neb. 2013) (citing Twombly, 550 U.S. at 558, 556); see also Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, cannot raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). Twombly, 550 U.S. at 558; Iqbal, 556 U.S. at 679 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'").

## ARGUMENT

### I.

### THE PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. §1983

As plead, the Federal Claim is only against the Bellevue Officers in their official capacities. (Amended Complaint ¶1, ¶11). The Federal Claim is not plead against Bellevue. Absent a clear statement that officials are being sued in their personal capacities, the Eighth Circuit interprets claims to only include official capacity claims.

"[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Rumery v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999); see also Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007) (holding no claims asserted against defendants in individual capacity where the complaint contained no clear statement or specific pleading of individual capacity); Andrus ex rel. Andrus v. Arkansas, 197 F3d 953, 955 (8th Cir. 1999) (requiring specific pleading of individual capacity claims); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (holding that a clear statement that officials are being sued in their personal capacities is required).

Jeff alleges that the negligence of the Bellevue Officers is imputed to Bellevue under the doctrine of *respondeat superior*. (Amended Complaint ¶5). However, it is well-established that there cannot be any liability under a *respondeat superior* theory under 42 U.S.C. §1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018 (1978). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity". Veatch v. Bartles Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). "Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking judgment against the entity." Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992).

Courts routinely dismiss claims against individuals in their official capacity when the same claims are also asserted against the entity for which the official is an agent. See Parsons v. McCann, 138 F.Supp. 3d 1086, 1098 (D. Neb. 2015); Veatch v. Bartles

Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (finding that a plaintiff's 42 U.S.C. §1983 claim against a city police officer in his official capacity was properly dismissed against him as redundant of the plaintiff's same claim against the city).

As the Amended Complaint contains no clear statements or specific allegations against the Bellevue Officers in their individual capacities and Jeff cannot proceed on a claim pursuant to 42 U.S.C. §1983 under a theory of *respondeat superior*, the Federal Claim must be dismissed.

II.

**THE PLAINTIFF FAILS TO STATE CLAIMS UNDER THE NEBRASKA POLITICAL SUBDIVISIONS TORT CLAIMS ACT**

Jeff pleads state law claims for negligence against Bellevue and the Bellevue Officers. Because Bellevue is a political subdivision, the PSTCA is the exclusive means by which these claims can be brought against Bellevue or its employees. Neb. Rev. Stat. § 13-901 et seq.; Hedglin v. Esch, 25 Neb. App. 306, 311-312, 905 N.W. 2d 105, 110 (2017). "Where a claim against an employee of a political subdivision is based upon acts or omissions occurring within the scope of employment, it is governed by the provisions of the PSTCA." Britton at 381, 514.

Despite how they are plead, all of Jeff's claims against Bellevue and the Bellevue Officers and are clearly actions in tort. The PSTCA defines a "tort claim" as:

> [A]ny claim against a political subdivision for money only on account of damage to or loss of property or on account of personal injury or death, *caused by the negligent or wrongful act or omission of any employee of the political subdivision,* while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage, loss, injury, or death[.] Neb. Rev. Stat. §13-903(4) (Emp. Add.)

7

Therefore, the Amended Complaint must be analyzed under the rules and standards imposed by the PSTCA. The PSTCA establishes a comprehensive procedure whereby the traditional concept of governmental immunity is partially abrogated. Neb. Rev. Stat. § 13-902. However, the PSTCA does not expose cities or their employees to liability for all acts causing injury. The PSTCA expressly declares it is the public policy of the State that "no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and *only to the extent*, provided by the [PSTCA]." Neb. Rev. Stat. § 13-902 (emphasis added).

The PSTCA is to be strictly construed in favor of the political subdivision and against the waiver of sovereign immunity. Geddes v. York County, 273 Neb. 271, 281, 729 N.W. 2d 661, 669 (2007). "A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction." Britton v. City of Crawford, 282 Neb. 374, 381, 803 N.W. 2d 508, 515. (Neb. 2011) (finding the express language of Neb. Rev. Stat. § 13-910(7) maintains immunity for claims arising from a battery after police officers shot a man when he refused to drop his weapon).

The PSTCA provides a limited waiver of sovereign immunity allowing a private party to sue a political subdivision. In adopting the PSTCA, the Nebraska Legislature expressly retained immunity for the actions listed in Neb. Rev. Stat. §13-910. More specifically, §13-910(7) prevents suits against a municipality or its employees for "*any claim arising out of assault, battery*, false arrest, false imprisonment, malicious prosecution…." Neb. Rev. Stat. §13-910(7) (emphasis added).

On the face of the Amended Complaint, all of the claims are clearly actions for intentional tort or arise out of the commission of a battery, an intentional tort. Jeff alleges Alex's death was caused by the negligence of the Bellevue Officers when they used a Taser on Alex. (*See* Amended Complaint ¶3). The use of a Taser on Alex constitutes an assault or, more likely, a battery. Assault includes "the intentional doing of an act which places another person in reasonable apprehension of receiving bodily injury." In re Interest of Siebert, 223 Neb. 454, 456, 390 N.W. 2d 522, 524 (Neb. 1986). Battery is "an actual infliction of an unconsented injury upon or unconsented contact with another." Britton at 382, 515. The Nebraska Supreme Court has also recognized battery as "any intentional, unlawful physical violence or contact inflicted on a human being without his consent." Id. "A contact is unlawful if it is unconsented to". Id.

In Britton, a City of Crawford police officer and conservation officer with the Nebraska Game and Parks Commission shot and killed Jesse Britton ("Jesse"), a burglary suspect, while they were searching for Jesse in connection with a burglary investigation. Id. at 376, 512. Pat Britton ("Pat"), as personal representative of Jesse's estate, filed an action against the City of Crawford under the PSTCA. Pat claimed the City of Crawford was negligent in, among other things, failing to seek Jesse' removal from the building where he was located through less aggressive, less provocative means and failing to follow recognized procedures for dealing with barricaded subjects. Id. at 378, 513. Pat also sought damages for Jesse's pain and suffering in the time between the beginning of the standoff and the time of Jesse's death. Id.

In the present case, Jeff's claims and allegations are similar, and in some cases identical, to the allegations made in Britton. Jeff alleges that Bellevue was negligent in

9

training the Bellevue Officers and his first claim is for Alex's "Conscious Pain and Suffering and Medical and Hospital Bills." (Amended Complaint ¶¶6-9).

In concluding that Britton's claims were barred by the battery exception found in Neb. Rev. Stat. §13-910(7), the Nebraska Supreme Court concluded that:

> While other factors may have contributed to the situation which resulted in Jesse's death, but for the battery, there would have been no claim. No semantic recasting of events can alter the fact that the shooting was the immediate cause of Jesse's death and, consequently, the basis of Britton's claim. Even if it is possible that negligence was a contributing factor to Jesse's death, the alleged negligence was inextricably linked to a battery. Britton's suit is thus barred by the PSTCA. Id. at 386.

The conclusion of the Nebraska Supreme Court in Britton is equally applicable to this case. Jeff claims the Bellevue Officers used a conducted electrical weapon (a Taser) on Alex. (Amended Complaint ¶3). After using the weapon, Alex collapsed and became unresponsive. (Amended Complaint ¶3). Shortly thereafter [Alex] died. (Amended Complaint ¶3). Jeff claims Alex died as a direct and proximate result of the negligence of Bellevue and the Bellevue Officers. (Amended Complaint ¶4). These allegations clearly allege a harmful contact, intentionally done, in essence, assault and battery. As plead, the Bellevue Officers' actions by using a Taser were clearly intentional as a result their confrontation with Alex due to his behavior. (*See* Amended Complaint ¶3). But for the unconsented contact with the Taser, a battery, there would be no claims. Bellevue and the Bellevue Officers' alleged negligence is inextricably linked to a battery. All of the claims in the Amended Complaint are tort claims that "arise out of" an alleged assault or battery and are barred by Neb. Rev. Stat. §13-910(7).

The PSTCA bars any claim *arising out of* an assault or battery, not just claims *for*

an assault or battery. Neb. Rev. Stat. §13-910(7) (emphasis added); see also McKenney v. Harrison, 635 F.3d 354 (8th Cir. 2011) (affirming dismissal of state law claim pursuant to the PSTCA for damages caused by a police officer's use of a Taser on McKenney as he attempted to flee). It does not matter how the claims for relief are labeled or what language is used in the Complaint, if alleged liability arises out of assault or battery, liability is barred. Clearly, Jeff's tort claims arise out of an alleged unauthorized use of force that was intentionally inflicted, and therefore arise out of an assault and battery.

Jeff further claims that the Bellevue Officers were "negligently trained" by the Bellevue Police Department, and that the Bellevue Police Department was negligent in its interactions with Alex. (Amended Complaint ¶6). These claims also arise out of assault and battery pursuant to the Nebraska Supreme Court's holding in Johnson v. State, 270 Neb. 316 (Neb. 2009), which was reaffirmed in Britton.

In Johnson, the court addressed the intentional torts exception contained in the Nebraska State Tort Claims Act, which is identical to the exception in §13-910(7). Like Jeff's claims, Johnson involved a negligence claim against the State for failure to supervise, hire and discipline. The plaintiff had been sexually assaulted and alleged the State's failure to properly supervise, hire and discipline its employees caused her damages. Id. The Court determined that Johnson's claim was barred because it arose out of assault and battery and that a failure to supervise, hire, and discipline was simply a way to reframe the claim. Id. at 322.

In Johnson, the Court adopted the reasoning of the United States Supreme Court in United States v. Shearer, 473 U.S. 52, 105 S. Ct. 3039, 87 L. Ed. 2d 38 (1985):

> [The plaintiff] cannot avoid the reach of [the intentional torts exception] by framing her complaint in terms of negligent failure to prevent the assault and battery. [The exception] does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like [the plaintiff's that sound in negligence but stem from a battery committed by a Government employee. Johnson at 320, 624.

The Nebraska Supreme Court went on to cite the United States Supreme Court in Sheridan v. United States, 487 U.S. 392, 108 S. Ct. 2449, 101 L. Ed. 352 (1988):

> To determine whether a claim arises from an intentional assault or battery and is therefore barred by the exception, a court must ascertain whether the alleged negligence was the breach of a duty to select or supervise the employee-tortfeasor or the breach of some separate duty independent from the employment relation…If the allegation is that the Government was negligent in the supervision or selection of the employee and that the intentional tort occurred as a result, the intentional tort exception…bars the claim. Otherwise, litigants could avoid the substance of the exception because it is likely that many, if not all, intentional torts of Government employees plausibly could be ascribed to the negligence of the tortfeasor's supervisors. To allow such claims would frustrate the purposes of the exception. Johnson at 323, 625.

Recasting a claim arising out of an assault or battery as a negligence claim does not remove the conduct from the PSTCA exception found in Neb. Rev. Stat. §13-910(7). Jeff's claims are barred by the PSTCA and Bellevue's Motion to Dismiss should be granted.

## CONCLUSION

The Amended Complaint fails to state a claim for relief pursuant to 42 U.S.C. §1983 because the Bellevue Officers are only sued in their official capacities and Jeff cannot proceed with the Federal Claim under a theory of *respondeat superior*.

The PSTCA is the only avenue by which Jeff's claims in the Amended Complaint can be brought against Bellevue and its employees. The PSTCA retains sovereign immunity preventing suits against a municipality or its employees for actions arising out

of assault or battery.  Regardless of the wording used in the Amended Complaint, Jeff is alleging Alex's death arose out of an assault or battery by the Bellevue Officers' use of a Taser.  Likewise, Jeff's claims related to the negligent training of the Bellevue Officers would not exist but for the use of the Taser and, therefore, arise out of an assault or battery.  Jeff's claims are barred under the PSTCA and the Amended Complaint must be dismissed.

Dated this 4th day of May, 2018.

        CITY OF BELLEVUE, a municipal corporation and political subdivision in Sarpy County, Nebraska, ALLISON EVANS, HOLLY MCQUAID, ASHLEY MEYERS, AND ANTHONY ORSI, Defendants

By *s/Ryan M. Kunhart*
Ryan M. Kunhart, #24692
Gretchen L. McGill, #21726
Dvorak Law Group, LLC
13625 California Street, Suite 110
Omaha, NE  68154
rkunhart@ddlawgroup.com
gmcgill@ddlawgroup.com
Telephone: 402-934-4770
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 4, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Stephen L. Gerdes       slgerdes@fastmail.fm

                                        *s/Ryan M. Kunhart*
                                        Ryan M. Kunhart