IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFF ZOUCHA, Individually and Special Administrator of the Estate of ALEX J. ZOUCHA<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF BELLEVUE, a municipal corporation and political subdivision in Sarpy County, Nebraska, ALLISON EVANS, HOLLY MCQUAID, ASHLEY MEYERS, and ANTHONY ORSI,<br>　　　　　Defendants. | Case No. 8-18-cv-00195<br><br>SECOND AMENDED COMPLAINT<br><br>Demand for Jury |

Plaintiff for his claims for relief against Defendants alleges and states:

**Jurisdiction and Venue**

1.Plaintiff brings this Complaint under the Civil Rights Act of 1871, *as amended*, codified as 42 U.SC. §1983. These claims are based on the Defendants' violation of the constitutional rights of Alex J. Zoucha in violation of 42 U.S.C §1983. The Court has jurisdiction under 28 U.S.C. §1343 and of the parties. Venue is proper as the events described in this Complaint occurred in this district.

**Parties**

2.Plaintiff, Jeff Zoucha, is a resident of Sarpy County, Nebraska. Alex J. Zoucha was a resident of Sarpy County, Nebraska when he died. The City of Bellevue (the "City") is a municipal corporation and political subdivision in Sarpy County, Nebraska. Plaintiff, alleges, on information and belief that Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi (the "Individual Defendants") were residents of Nebraska when Alex J. Zoucha died. Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi were acting within the scope of their employment during the events described in this complaint. The events described in this Complaint and the death of Alex J. Zoucha occurred in the City of Bellevue in Sarpy County, Nebraska.

3.      Jeff Zoucha is the father of Alex J. Zoucha and the duly appointed Special Administrator of the Estate of Alex J. Zoucha.

4.      Defendants Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi were law enforcement officers for the City who were acting under color of state law and in the course and scope of their employment as law enforcement officers for the City at all material times.

## Factual Background

5.      On February 24, 2016 at about 9:30 p.m., Bellevue police officers Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi went to a home at 612 W. 22nd Ave. in Bellevue, Nebraska and confronted Alex J. Zoucha because of his behavior. The police officers used a conducted electrical weapon (commonly known as a Taser) on Alex J. Zoucha. After using the weapon, Alex J. Zoucha collapsed and became unresponsive. Shortly thereafter he died.

## Deprivation of Constitutional Rights and Consequences Thereof

6.      The use of a Taser was not justified and constituted excessive force and cruel and unusual punishment. Alex J. Zoucha had the rights to:
- Be secure in his own person from unreasonable seizure through excessive force;
- Life and liberty;
- Be free from cruel and unusual punishment; and
- Due process.

Defendants' actions deprived Alex J. Zoucha of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States.

7. Alex J. Zoucha died as a direct and proximate result of:
   - The actions of the City and its police officers, Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi;
   - Their deprivation of Alex J. Zoucha of his constitutionally protected rights.

8. Defendants' actions proximately caused damages to Alex J. Zoucha including medical and hospital bills of approximately $5000.00 and conscious pain and suffering before he died.

9. Defendants proximately caused damages to the next of kin of Alex J. Zoucha. Alex J. Zoucha left surviving him the following next of kin:
   - Marcella Zoucha (wife);
   - Calliah Zoucha (daughter);
   - Astreya Zoucha (daughter); and
   - Xara Zoucha (daughter).

As a result of the death of Alex J. Zoucha, his next of kin including his wife have suffered pecuniary loss due to the loss of his society, care, comfort, companionship, and services. Alex J. Zoucha was 31 years old when he died. For administrative efficiency and to the extent necessary, Marcella Zoucha has assigned her claim to Plaintiff, Jeff Zoucha.

10. Marcella Zoucha and the Estate of Alex J. Zoucha incurred funeral and burial expenses of approximately $14,000.00 as a result of the death of Alex J. Zoucha. For administrative efficiency, Marcella Zoucha has assigned her claim to Plaintiff, Jeff Zoucha.

**FIRST CLAIM FOR RELIEF AGAINST INDIVIDUAL DEFENDANTS**

11. Plaintiff incorporates by reference the allegations in paragraphs 1-10.

12.    Officers Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi are being sued in their individual and official capacities.

13.    The Individual Defendants deprived Alex J. Zoucha of his constitutional rights by among other things:

   a. Needlessly failing to follow City standard operating procedures or policies for recognizing when a person is a danger to himself or others;

   b. Needlessly failing to recognize that Alex J. Zoucha was not a danger to others or to himself and that at most application of minimal force was appropriate;

   c. Needlessly failing to follow City standard operating procedures or policies for ascertaining the condition of a person before using a conducted electrical weapon;

   d. Needlessly failing to adequately ascertain the condition of Alex J. Zoucha before using a conducted electrical weapon on him;

   e. Needlessly failing to follow City standard operating procedures for the application of force.

   f. Needlessly using excessive force against Alex J. Zoucha when such force was not necessary based on his condition and the existing circumstances.

   g. Needlessly failing to follow City standard operating procedures for providing medical assistance to someone who has collapsed.

   h. Needlessly failing to provide appropriate medical assistance to Alex J. Zoucha after he collapsed.

14.    The Individual Defendants' use of force was malicious or reckless, callous, and deliberately indifferent to Alex J. Zoucha's federally protected rights. The force used caused serious bodily injury and ultimately the death of Alex J. Zoucha. The force used by the individual Defendants shocks the conscience and violated Alex J. Zoucha's Fourteenth Amendment rights.

## SECOND CLAIM FOR RELIEF AGAINST
## DEFEDANT CITY OF BELLEVUE

15. Plaintiff incorporates the allegations of paragraphs 1 through 14.

16. The acts and omissions of the Individual Defendants described above were carried out pursuant to City policies, customs, and practices that existed at the time of the conduct described above and were engaged in with the full knowledge, consent, and cooperation under the supervisory authority of the City and its police department.

17. The City and its police department, through their policy making agents, servants, and employees:
- Authorized, sanctioned, and ratified the wrongful acts of the Individual Defendants;
- Failed to stop or prevent these acts; and/or
- Allowed or encouraged these acts to continue.

18. The Individual Defendants carried out the acts complained of in their capacities as police officers pursuant to policies, customs, and practices of the City under the inadequate supervision of its ranking police officers.

19. The City inadequately trained its police officers in among other things:
   a. Needlessly failing to adequately train its police officers to recognize the causes of erratic behavior such as mental health, substance abuse issues, and excited delirium.
   b. Needlessly failing to adequately train its police officers on the circumstances under which a person who is behaving erratically is likely to be a danger to other people.
   c. Needlessly failing to adequately train its police officers on when use of a conducted electrical weapon is appropriate.

    d. Needlessly failing to adequately train its police officers on providing assistance to persons suffering medical problems after being tased.

    e. Needlessly failing to adequately train its police officers to provide medical assistance to persons suffering from excited delirium.

20. The City had inadequate policies and permitted inadequate practices and customs including:

    a. Needlessly failing to have adequate standard operating procedures to guide police officers in recognizing the causes of erratic behavior such as mental health, substance abuse issues, and excited delirium.

    b. Needlessly failing to have adequate standard operating procedures to guide police officers in determining the circumstances under which a person who is behaving erratically is likely to be a danger to other people.

    c. Needlessly having a policy or practice that allowed individual police officers without sufficient training, expertise, and knowledge of the dangers of a Taser to use Tasers on citizens such as Alex J. Zoucha.

    d. Needlessly having a policy, custom, or practice that allowed police officers to use a Taser when effective, but less harmful, methods of control were available.

    e. Needlessly failing to have adequate standard operating procedures to guide police officers in determining when use of a conducted electrical weapon is appropriate.

    f. Needlessly failing to have adequate standard operating procedures to guide police officers in providing assistance to persons suffering medical problems after being tased.

    g. Needlessly failing to have adequate standard operating procedures to guide police officers in providing medical assistance to persons suffering from excited delirium.

    h. Needlessly having in place a policy, custom, or practice of allowing the use of a Taser gun on persons such as Alex J. Zoucha, even when it was not necessary to use a Taser to control them.

21. The following were all moving forces behind the violation of Alex J. Zoucha's constitutional rights and demonstrate the deliberate indifference of the City to the rights of persons with whom the police come in contact:

- The acts and omissions of the Individual Defendants identified in paragraph 16.
- The authorization, sanctioning and ratification of the wrongful acts identified in paragraph 17, the failure to stop or prevent these acts, and allowing or encouraging these acts to continue.
- The inadequate supervision described in paragraph 18.
- The inadequate training described in paragraph 19.
- The inadequate policies and the acceptance of inadequate customs and practices described in paragraph 20.

### Requests for Relief

ON BOTH CLAIMS FOR RELIEF, Jeff Zoucha, Special Administrator of the Estate of Alex J. Zoucha prays for a judgment against Defendants for special damages in the amount of:

    a.    $5,000.00 for the reasonable expense of the necessary medical care for Alex J. Zoucha; and
    b.    $14,000.00 for funeral and burial expenses.

He prays for a judgment against Defendants for general damages in an amount that will fairly and adequately, but not excessively compensate the Estate of Alex J. Zoucha for:

    a.    The nature and extent of the injury that Alex J. Zoucha suffered before his death;
    b.    The disability experienced by Alex J. Zoucha before his death;
    c.    The conscious pain and suffering, mental and physical, experienced by Alex J. Zoucha before his death.

He prays for a judgment against Defendants for general damages in an amount that will fairly and adequately, but not excessively compensate the

next of kin (including widow Marcella Zoucha) for the loss of the society, care, comfort, companionship, and services that Alex J. Zoucha provided to them.

He prays for costs, attorneys' fees pursuant to 42 U.S.C. §1988, and punitive damages to the extent authorized by law and such other relief as the court deems just and proper.

>JEFF ZOUCHA, Individually and as Special Administrator of the Estate of ALEX J. ZOUCHA,
>Plaintiff
>
>By *[signature]*
>Stephen L. Gerdes #15392
>Law Office of Steve Gerdes
>11920 Burt St. Suite 145
>Omaha, NE 68154-1574
>(402) 393-1435
>slgerdes@fastmail.fm

## Jury Demand

Plaintiff hereby requests a trial by jury.

>JEFF ZOUCHA, Individually and as Special Administrator of the Estate of ALEX J. ZOUCHA,
>Plaintiff
>
>By *[signature]*
>Stephen L. Gerdes #15392
>Law Office of Steve Gerdes
>11920 Burt St. Suite 145
>Omaha, NE 68154-1574
>(402) 393-1435
>slgerdes@fastmail.fm