# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFF ZOUCHA, Individually and Special Administrator of the Estate of ALEX J. ZOUCHA,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF BELLEVUE, a municipal corporation and political subdivision in Sarpy County, Nebraska, ALLISON EVANS, HOLLY MCQUAID, ASHLEY MEYERS, AND ANTHONY ORSI,<br><br>   Defendants. | Case No. 8:18-cv-00195<br><br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants, City of Bellevue ("Bellevue"), and Bellevue police officers Allison Evans, Holly McQuaid, Ashley Meyers, and Anthony Orsi (collectively the "Bellevue Officers")(sometimes Bellevue and the Bellevue Officers are collectively referred to as the "Defendants"), for their Answer to Plaintiff Jeff Zoucha, individually and special administrator of the Estate of Alex J. Zouch's ("Zoucha") Second Amended Complaint ("Complaint"), state and allege as follows:

## Jurisdiction and Venue

1. Defendants admit that jurisdiction and venue are proper in this Court. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

## Parties

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

**Factual Background**

5. Defendants admit the allegations in the first sentence of Paragraph 5 of the Complaint. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

**Deprivation of Constitutional Rights and Consequences Thereof**

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

**FIRST CLAIM FOR RELIEF AGAINST INDIVIDUAL DEFENDANTS**

11. Regarding Paragraph 11 of the Compliant, the Defendants incorporate and restate their answers to Paragraphs 1 through 10 of the Complaint, inclusive, as if fully set forth herein.

12. Paragraph 12 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, the Defendants deny the allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint do not pertain to Bellevue, so a response by Bellevue is not necessary. The Bellevue Officers deny the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint do not pertain to Bellevue, so a response by Bellevue is not necessary. The Bellevue Officers deny the allegations in Paragraph 14 of the Complaint.

## SECOND CLAIM FOR RELIEF AGAINST
## DEFENDANT CITY OF BELLEVUE

15. Regarding Paragraph 15 of the Complaint, the Defendants incorporate and restate their answers to Paragraphs 1 through 14 of the Complaint, inclusive, as if fully set forth herein.

16. Defendants deny the allegations in Paragraph 16 of the Complaint, as no "omissions" of the Bellevue Officers took place.

17. The allegations in Paragraph 17 of the Complaint do not pertain to the Bellevue Officers, so a response by the Bellevue Officers is not necessary. Bellevue denies the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint do not pertain to the Bellevue Officers, so a response by the Bellevue Officers is not necessary. Bellevue denies the allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint do not pertain to the Bellevue Officers, so a response by the Bellevue Officers is not necessary. Bellevue denies the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants generally deny each and every other allegations of the Complaint, except those allegations specifically admitted herein and those allegations against the interest of the Plaintiff.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, the Defendants allege and state as follows:

23. Defendants are not liable under 42 U.S.C. § 1983 because their actions

were constitutional.

24. Alex Zoucha did not suffer any actual deprivation of any rights secured by the United States Constitution.

25. Defendants affirmatively allege that Plaintiff has failed to mitigate his damages.

26. Defendants affirmatively allege that Alex Zoucha failed to mitigate his damages.

27. Defendants affirmatively allege that Plaintiff's claims are subject to the doctrine of avoidable consequences.

28. Defendants affirmatively allege that any damages incurred by the Plaintiff as alleged were the result of Alex Zoucha's own intentional conduct and Plaintiff is therefore barred from recovery.

29. The actions of the Defendants alleged in the Complaint were neither the proximate nor the actual cause of any alleged damages suffered by Plaintiff.

30. Defendants affirmatively allege that Plaintiff is not entitled to any damages alleged, nor any punitive damages alleged.

31. Defendants affirmatively allege that City of Bellevue, Nebraska, maintains no unlawful or unconstitutional policies, procedures, customs, or a failure to train, that were a "moving force" that caused Alex Zoucha's alleged injuries and death.

32. The Bellevue Officers affirmatively allege that they are entitled to qualified immunity from suit for any claims asserted against them in their individual capacities.

33. The force used by the Bellevue Officers was reasonable under all the circumstances.

34. The Bellevue Officers did not intentionally and unjustifiably use excessive or harmful force against Alex Zoucha.

35. The Bellevue Officers affirmatively allege that they acted in good faith, with sufficient legal cause, were not deliberately indifferent, and did not violate any recognized constitutional rights of Alex Zoucha at all times relevant to the Complaint.

36. Defendants affirmatively allege that Complaint fails to allege sufficient facts to state a claim against them.

37. Discovery has not yet commenced, therefore the Defendants reserve the right to assert additional affirmative defenses.

WHEREFORE, having fully answered, the Defendants pray that the Plaintiff's Second Amended Complaint be dismissed at Plaintiff's costs, and that the Defendants recover their costs and attorneys' fees expended herein in their defense of the claims of Plaintiff, and for such further relief as this Court deems just and equitable.

Dated this 23rd day of May, 2018.

    CITY OF BELLEVUE, a municipal corporation and political subdivision in Sarpy County, Nebraska, ALLISON EVANS, HOLLY MCQUAID, ASHLEY MEYERS, AND ANTHONY ORSI, Defendants

By *s/Ryan M. Kunhart*
    Ryan M. Kunhart, #24692
    Gretchen L. McGill, #21726
    Dvorak Law Group, LLC
    13625 California Street, Suite 110
    Omaha, NE  68154
    rkunhart@ddlawgroup.com
    gmcgill@ddlawgroup.com
    Telephone: 402-934-4770
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Stephen L. Gerdes	slgerdes@fastmail.fm

<u>*s/Ryan M. Kunhart*</u>
Ryan M. Kunhart